UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND JOSEPH LECOMPTE** | **CIVIL ACTION** |
| **VERSUS** | **NO.   22-1355** |
| **DEPUTY SHERIFF DYLAN HENDRICKS ET AL.** | **SECTION "A" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

The plaintiff, Raymond Joseph LeCompte ("LeCompte"), is an inmate housed at the Terrebonne Parish Criminal Justice Complex and filed this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. LeCompte filed this complaint against Dylan Hendricks ("Hendricks") and Tim Soignet ("Soignet") alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment, as a result of the excess forced used during his transport to jail on May 22, 2021. Rec. Doc. 4.

According to LeCompte he was arrested and booked for non-violent misdemeanor charges. He alleges that he was picked up by Deputy Hendricks for an outstanding warrant for misdemeanor theft, criminal mischief, criminal trespassing, simple criminal damage to property, and two counts of resisting an officer by giving fake information. *Id*. LeCompte alleges that he was found stumbling over the road intoxicated. He alleges that when he arrived at the jail, Hendricks was

informed by the Emergency Medical technician that LeCompte would have to be taken to the local hospital for a psychiatric evaluation before he could complete his report and be booked into the jail. *Id*.

LeCompte admits that he "may have been difficult to deal with that night because he was intoxicated. *Id*. However, he alleges that an investigation would show that there was no risk of danger due to his behavior that would suggest that excessive force was necessary to subdue him. *Id*. He alleges that when Hendricks heard that he had to take LeCompte to the hospital Hendricks became upset and forceful in handling LeCompte. *Id*.

In particular, LeCompte alleges that after becoming frustrated with LeCompte, Deputy Hendricks used excessive force by over-tightening and clamping down on the handcuffs with enough force to cause permanent damage to the nerves and tendons in LeCompte's wrists. *Id.* He alleges that after the force used by Hendricks, his fingers "lock up" on him and his thumbs remain numb. *Id*.

LeCompte alleges that his hands were already cuffed behind his back, and Hendricks' actions were captured on multiple cameras. *Id.* He alleges that after the incident, he requested medical attention, and was advised by Dr. Scott Haydel that he may have carpal tunnel syndrome. *Id*. at. 3.

LeCompte alleges that this incident violated the Eighth Amendment by causing him to experience pain, suffering, physical injury, and emotional distress. He also alleges that Hendricks violated his rights under the Louisiana Constitution by committing the intentional tort of battery, negligence, excessive force, and intentional infliction of emotional distress.

Finally, he alleges that Sheriff Soignet is vicariously liable in his official capacity under the doctrine of respondeat superior, and Deputy Hendricks is liable in his official and personal capacity. LeCompte therefore prays that he receive $50,000 in damages, and a jury trial plus costs.

In addition to the claims asserted above, LeCompte seeks to assert claims under Louisiana law for negligence, battery, excessive force and intentional inflection of emotional distress.

## II.      Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Analysis

#### A.  Sheriff Tim Soignet

LeCompte has named Tim Soignet as a defendant. He alleges that Soignet should be held liable vicariously for Hendricks alleged use of excessive force. He does not allege Soignet had any knowledge about what he experienced.

Section 1983 holds that a supervisory official liable only to the extent that "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy. *See* P*iotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

In this case, LeCompte alleges a single isolated incident of force by Deputy Hendricks. He does not allege, however, either knowledge or the lack of proper training for the overtightening of the handcuffs. LeCompte also does not allege a pattern of similar incidents where the misbehavior was widespread with the Sheriffs department. Finally, LeCompte fails to allege that the sheriff participated in the acts that caused the constitutional deprivation. Therefore, the allegations against Sheriff Soignet fails to state a claim and should be dismissed.

#### B.  Excessive Force by Hendricks

Next, LeCompte alleges that the forced used by Hendricks when he placed the handcuffs on LeCompte was excessive because it was enough force to cause nerve damage to his wrist and was done intentionally because he was angry.  LeCompte alleges that during the transport Hendricks became "frustrated" with LeCompte and then over-tightened and clamped down on his handcuffs. He points out that at the time of the over clamping he had already been cuffed.

Eighth Amendment excessive-force claims center around "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Several factors inform this inquiry, including:

> 1. the extent of the injury suffered;
> 2. the need for the application of force;
> 3. the relationship between the need and the amount of force used; *243
> 4. the threat reasonably perceived by the responsible officials; and
> 5. any efforts made to temper the severity of a forceful response.
> *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

While "the absence of serious injury is quite relevant to an excessive force inquiry," that alone "does not ... preclude relief." *Id*. As the Supreme Court has clarified on two occasions, the question does not center around "whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010) (quoting *Hudson,* 503 U.S. at *7, 112 S.Ct. 995); *see also id*. ("The absence of serious injury is ... relevant to the Eighth Amendment inquiry but does not end it."). To be sure, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins*, 559 U.S. at 37, 130 S.Ct. 1175 (quoting *Hudson*, 503 U.S. at 9, 112 S.Ct. 995). Nonetheless, "[i]njury and force ... are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who

is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id*. at *38.

In this case LeCompte, alleged that he was already cuffed when out of frustration, Hendricks tightened the cuffs on LeCompte's wrist. According to LeCompte, Hendricks tightened the cuffs to the point of causing him nerve damage. In *Freeman v. Gore,* 483 F.3d 404, 417 ( 5th Cir. 2007)   the Fifth Circuit noted that handcuffs applied too tightly   without more   is too minor to support an excessive force claim. However, in *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009), the court held that the application of handcuffs too tightly resulting in nerve damage was severe enough and therefore not *de minimis*. Notably in *Deville,* the plaintiff had undergone four surgeries.

In this case, like in  *Deville,*  LeCompte alleged that he sustained nerve damage to his wrists because of the pressure applied even though he did not pose a threat to Hendricks.  He further alleges that Hendricks applied the force after he became frustrated with LeCompte. LeCompte indicates that upon his release from prison in June 2022 he will seek out medical attention. Additionally, he has been advised by the prison treating physician that he may have carpal tunnel syndrome. These allegations are sufficient to state an excessive force claim, such that this claim should be allowed to proceed forward.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Raymond Joseph LeCompte's § 1983 claims against Tim Soignet **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Raymond Joseph LeCompte's Claims against Dylan Hendricks shall be allowed to proceed forward.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 19th day of December, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.