UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND J. (JOSEPH) LECOMPTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1355** |
| **DYLAN HENDRICKS (DEPUTY SHERIFF), ET AL.** | **SECTION "A"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

Plaintiff Raymond Joseph LeCompte ("LeCompte") was an inmate housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") when he filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 challenging the use of excessive force during his arrest and transport to jail on May 22, 2021. ECF No. 4. In his complaint, LeCompte notified the Clerk of Court that his expected release date was July 7, 2022, and he would thereafter reside at 3012 Marietta Street, Kenner, Louisiana. *Id*. at 3.

After that date, the Court reviewed the case for frivolousness (ECF Nos. 7, 8) and eventually considered the defendant's motion for summary judgment (ECF Nos. 11, 13, 15). The documents were separately mailed to LeCompte at the Kenner address, and none of the envelopes were returned as undeliverable. LeCompte did not object, oppose the defendant's motion, or contact the Court about his case. Based on the Court's prior rulings, the claims remaining for

review are LeCompte's claims against Terrebonne Parish Sheriff Deputy Dylan Hendricks for the use of excessive force, negligence, and intentional torts of battery through excessive force and intentional infliction of emotional distress.  *See* ECF No. 4, ¶IV, at 4-5; *id*. at 6, 11.

On July 24, 2023, the Court issued an order setting a scheduling conference pursuant to FED. R. CIV. PROC. 16 for August 7, 2023, to set pretrial and trial dates.  ECF No. 16.  The order was mailed to LeCompte at the Kenner address.  After electronic receipt of this order, defendant's counsel notified the Court's staff by telephone that his office had been unable to locate LeCompte at the Kenner address for purposes of conducting discovery.  Shortly thereafter, on July 26, 2023, the Clerk of Court also received a call from a man who identified himself as the resident at the 3012 Marietta Street address in Kenner who advised that LeCompte did not live at that address and was instead incarcerated in the Terrebonne Parish Criminal Justice Complex ("TPCJC").  Docket Entry, 7/26/23.  Out of an abundance of caution, the clerk of court mailed a copy of the Court's July 24, 2023, order addressed to LeCompte at the TPCJC.

In light of the information received, on August 3, 2023, the Court rescheduled the Rule 16 conference to be held on August 21, 2023, and the order included a directive for officials at TPCJC to have LeCompte available by telephone for the conference.  ECF No. 17.  On August 8, 2023, the envelope containing the Court's July 24, 2023, order mailed to LeCompte at the Kenner address was returned as undeliverable marked "Return to Sender, Attempted – Not Known, Unable to Forward."  ECF No. 18.  On August 16, 2023, the envelope containing a copy of the same order mailed to LeCompte at the TPCJC was also returned as undeliverable marked "Return to Sender," "Unable to Forward," and "Inmate Released From T.P.C.J.C."  ECF No. 19.  With no ability to correspond with LeCompte, the Court cancelled the conference set for August 21, 2023.  ECF No. 20.  The envelope containing the Order and mailed to LeCompte at the TPCJC was returned as

undeliverable marked "Return to Sender," "Unable to Forward," and "Inmate Released From T.P.C.J.C." ECF No. 21.

The Court's staff has telephoned the TPCJC to confirm that LeCompte is not in that facility and left no other forwarding address. The Court's staff has also confirmed that there is no record that LeCompte is currently in any local or state jail registered through the Louisiana Department of Corrections and Public Safety's online prisoner locator service.

## II.    Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

When a plaintiff is without counsel, he is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

3

Furthermore, all litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007). This policy was adopted in EDLA Local Rule 41.3.1 which specifically provides that a pro se litigant's failure to notify the Court of a postal address change within 35 days of the Court's receipt of returned mail may be considered cause for dismissal for failure to prosecute. In addition, the complaint form used by plaintiffs to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 4, ¶VI(2), at 5 (Plaintiff's Declaration).

### III.  Analysis

LeCompte has not provided the Court with his current address despite being made aware of his obligation to do so. The mail sent to him at his purported Kenner address and his prison address of record has consistently been returned as undeliverable. The returned mail was received by the Court more than 35 days ago, first from the Kenner address on August 8, 2023, and then from the TPCJC address on August 16, 2023. Since the filing of the complaint in this case, the Court has received no communication or filings from LeCompte. As outlined herein, the Court has repeatedly taken steps to locate LeCompte in an effort to keep him apprised of proceedings in this case. LeCompte, however, personally has not written to or contacted the Court or the Clerk of Court to provide a current address as required by the rules of this Court.

LeCompte's failure to provide a current address has disrupted the Court's calendar and impeded the Court's ability to move forward with the remainder of this case. It also has prevented

defendant from investigating and resolving the claims asserted against him. For these reasons, LeCompte's § 1983 complaint should be dismissed with prejudice under FED. R. CIV. PROC. 41(b) for his failure to prosecute.

### IV. Recommendation

It is therefore **RECOMMENDED** that Raymond Joseph LeCompte's 42 U.S.C. § 1983 civil rights complaint and any federal and state law claims therein be **DISMISSED WITH PREJUDICE** for his failure to prosecute pursuant to FED. R. CIV. PROC. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 18th day of October, 2023.

                                            KAREN WELLS ROBY
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.